# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MASON IBRA GARRETT, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 4:19-cv-3224-PLC |
| SUSAN MINCHIN, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint filed by plaintiff Mason Ibra Garrett, who presently resides at the Metropolitan St. Louis Psychiatric Center ("MSLPC").[1] For the reasons explained below, the Court will allow plaintiff to proceed in forma pauperis in these proceedings, and will dismiss the complaint without prejudice.

This action originated in the United States District Court for the Western District of Missouri, where the instant complaint was filed on or about November 21, 2019. On December 2, 2019, the Honorable Greg Kays entered an order transferring the case to this Court on the basis of venue. Judge Kays also granted plaintiff provisional leave to proceed in forma pauperis. This Court has reviewed plaintiff's motion to proceed in forma pauperis and the financial information therein, and has determined to allow plaintiff to continue proceeding in forma pauperis in this action.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490

---
[1] The MSLPC is a Forensic Psychiatric Hospital operated by the Missouri Department of Mental Health.

U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the following defendants, all of whom are employed either by the SLMPC or the Missouri Department of Mental Health

2

("MDMH"): treating psychiatrist Dr. Susan Minchin, social workers Emily Kamp and Jeff Moellen, dietician Rachel Pulley, Rehabilitation Services Director Jon Petri, psychologist Erik Hazebrouck, music therapist Chris Buchmann, quality management employee Matthew Smigell, forensic psychologist Laura Rosen, Director of Psychology Debra Luechtefeld, Chief Operating Officer Kimberly Feaman, Eastern Region Executive Officer Laurent D. Javois, Division of Behavioral Health Director Richard N. Gowdy, Director Mark Stringer, and nurse Leah Kaiser. Plaintiff also names Governor Michael L. Parson as a defendant. Plaintiff sues all of the defendants in their official capacities.

Plaintiff claims that his due process rights were violated when the "Department of Mental Health" requested an extension of time within which to perform a mental health examination. (ECF No. 1 at 7). Plaintiff alleges this was done "in the name of Michael L. Parson, Mark Stringer, Richard N. Gowdy, Laurent D. Javois, Kimberly Feaman, and upheld by Debra Luechtefeld, Matthew Smigell, after being presented by the treatment team Dr. Susan Minchin, Chris Bachmann, Rachel Pulley, Jon Petri, Leah Kaiser, [and initiated] by Laura Rosen." *Id.*

In support of this claim, plaintiff alleges he had a "court order on a case that bears the case no. 18PU-CR01206-01[2] which stated that no later than 6 months from 5/22/2019 the Director of the D.M.H., or qualified designee, shall examine defendant to ascertain (1) whether the defendant is mentally fit, (2) if not, if the defendant will attain the mental fitness to proceed." *Id.* at 8. Plaintiff writes: "now if ascertain means to find out with certainty, then how can one know with certainty whether I am mentally fit or not without taking the competency test within the permitted time stipulated within the court order?" *Id.* Plaintiff writes "thus infringing upon the 14th Amendment of the due process of law" by purposely and knowingly ignoring

---
[2] The Court was unable to find any record of this case. However, in the motion for leave to proceed in forma pauperis, plaintiff avers that in that case, he is charged with the Class E Felony of resisting a lawful stop.

3

"procedural law when the D.M.H. requested an extension of time without examining to ascertain within the 6 months provided in the court order." *Id.* As relief, plaintiff seeks dismissal of case number 18PU-CR01206-01, "a sum of money not exceeding 10 million but no less than 5 million," and release from confinement. *Id.* at 9.

## Discussion

Plaintiff seeks to hold the defendants liable under § 1983 for violating his due process rights by requesting an extension of time to perform a mental health examination. The Court will consider whether plaintiff's allegations state a plausible procedural or substantive due process claim.

To establish a procedural due process violation, plaintiff must show a protected interest, and he must also show that he was deprived of that interest without sufficient process. *Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir. 2005) (quotations and citations omitted). "The due process clause ensures every individual subject to a deprivation the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* "The circumstances of the deprivation dictate what procedures are necessary to satisfy this guarantee." *Id.* Here, the Court will presume that plaintiff's allegations show a protected interest. However, plaintiff's allegations do not establish he was deprived of that interest without sufficient process. Plaintiff's allegations establish that the State court ordered the mental health examination to be performed by November 22, 2019, and that the "Department of Mental Health" requested a single extension of time within that period. Plaintiff alleges nothing permitting the inference he was denied the opportunity to be heard at a meaningful time and in a meaningful manner. Instead, he can be understood to claim that the Department violated his due process rights simply by requesting an extension of time.

These allegations do not establish a procedural due process violation. *See Swipies*, 419 F.3d at 715.

Plaintiff's allegations also fail to state a plausible substantive due process claim. "To state a substantive due process claim, [a plaintiff] must allege that a government action was 'sufficiently outrageous' or 'truly irrational, that is, something more than . . . arbitrary, capricious, or in violation of state law.'" *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 628 (8th Cir. 2001) (quotations omitted). "An alternative way to bring a substantive due process claim is to assert that the government's actions 'either shock the conscience' or 'offend judicial notions of fairness or human dignity.'" *Id.* (quotation omitted). Here, plaintiff does not allege that the requested extension was for an unreasonable period of time, that any defendant acted in bad faith or for the purpose of causing harm to plaintiff, or any other facts permitting the inference that plaintiff was subjected to government action that was outrageous or irrational, or that shocks the conscience or offends judicial notions of fairness or human dignity. *See id.* Therefore, the Court concludes that the complaint is subject to dismissal because plaintiff has not stated a plausible claim under the Fourteenth Amendment.

Additionally, plaintiff's claims are barred by the Eleventh Amendment, which bars suits against a State by citizens of that same State in federal court. *See Williams v. State of Mo.*, 973 F.2d 599, 600 (8th Cir. 1992). Plaintiff sues the MDMH and MSLPC defendants in their official capacities. Therefore, his claims are effectively against the MDMH and the MSLPC. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (naming an official in his or her official capacity is the equivalent of naming the entity that employs the official). The MDMH and MSLPC both share the State of Missouri's Eleventh Amendment immunity. *See Miener v. State of Mo.*, 673 F.2d 969 (8th Cir. 1982) (the MDMH shares the State of Missouri's Eleventh

5

Amendment immunity), *Gassoway v. Metropolitan St. Louis Psychiatric Center,* 221 F.3d 1342 (Table) (8th Cir. 2000) (recognizing the SLMPC as an arm of the State of Missouri). Governor Parson, sued in his official capacity, is also entitled to Eleventh Amendment immunity.

After filing the complaint, plaintiff filed three motions seeking to make minor changes to the spelling of the names of three defendants. Because this action will be dismissed at this time, it is unnecessary to correct the docket to make these inconsequential changes. The motions will therefore be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed in forma pauperis in these proceedings.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that plaintiff's motions to amend/correct (ECF Nos. 8, 11 and 12) are **DENIED** as moot.

Dated this 6th day of January, 2020.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE